UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler, ) | C/A No. 4:25-cv-06114-MGL-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina; Attorney General Alan ) | |
| McCrory Wilson, Sr.; Appellate Attorney ) | |
| Victor R. Seeger; Police Officer Eric Hodges; ) | |
| John Holt; Patty McKenzie Parker; Richard ) | |
| Jones, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This a civil action filed by Plaintiff Larry James Tyler, a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

    On July 21, 2025, Plaintiff filed a motion in which he requests to be transferred to another jail. He is currently being held at the Darlington County Detention Center (SCDC). Plaintiff claims that the Sheriff is retaliating against him for filing a case against the former sheriff and a captain. He complains that DCDC does not have a law library,[1] access to cases with the provided tablet is slow, and he fears that employees at DCDC will interfere with his mail in order to learn about his litigation. ECF No. 18 at 2-4. Plaintiff appears to be asking for a temporary restraining order (TRO) and/or a preliminary injunction.

---

[1] The Fourth Circuit Court of Appeals has clarified that the Constitution does not require every local jail to have a law library, *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987), as county jails are generally short-term facilities.

Any motion for a TRO should be denied at this time. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or the party's attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Every TRO issued without notice "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). "The stringent restrictions imposed ... by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).

To the extent Plaintiff is requesting a TRO, his motion should be denied because Plaintiff has not complied with Fed. R. Civ. P. 65(b)(1) by providing specific facts in an affidavit or a verified complaint to clearly show that immediate and irreparable injury will result to him before Defendants can be heard in opposition. Additionally, Plaintiff does not explain why an injunction is being requested without notice, and he appears to be requesting relief exceeding fourteen days. *See* Fed. R. Civ. P. 65(b)(1)–(2). It also does not appear that Plaintiff, who has not asserted that he is an attorney, can satisfy the "attorney certification" requirement for a TRO as required under Rule 65(b)(1)(B). *See Demorcy v. Cook*, No. CA 8:13-1494-JFA-JDA, 2013 WL 5332146 (D.S.C. Sept. 23, 2013) (noting that the plaintiff could not satisfy the "attorney certification" requirement

2

for a TRO under Rule 65(b)(1)(B) because he was not an attorney admitted to practice before the court). Finally, there is no indication that the named Defendants work at DCDC or are responsible for operations at DCDC such that this court cannot order the named Defendants to move Plaintiff to another institution. Moreover, "a federal court generally does not insert itself in the day-to-day administrative workings of a prison." *Marcum v. Penick*, No. 2:21-CV-00142, 2022 WL 288186, at *2 (denying the plaintiff's motion for a preliminary injunction asking to the court to direct that non-parties allow him additional access to the law library) (citing *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976)) (explaining that "the day-to-day functioning of state prisons ... is not the business of federal judges" and "federal courts do not sit to supervise state prisons"). A decision about where to house inmates is generally committed to the discretion of state officials. *See Meachum v. Fano*, 427 U.S. at 228-29.

To the extent Plaintiff is requesting a preliminary injunction, his motion should also be denied. A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)) (internal quotation marks omitted); *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 188 (4th Cir. 2013). The decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007). The request for a preliminary injunction should be denied because it is premature as this action has not yet been served, and Defendants have not answered or otherwise plead. "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

## **RECOMMENDATION**

Based on the foregoing, it is recommended that Plaintiff's motion for a preliminary injunction and/or a TRO (ECF No. 18) be **DENIED**.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

September 18, 2025
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).